

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00022-CV

WALLY YAMMINE, APPELLANT

V.

DAVID PAUL HEALY, HDH FINANCIAL, LLC,
DPH CAPITAL, LLC, AND HY CAPITAL, LLC, APPELLEES

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-279302-15, Honorable Mike Wallach, Presiding

February 5, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Wally Yammine appealed from the trial court's final judgment. Through the latter, the court 1) awarded David Paul Healy the balance due (plus interest) on two unpaid promissory notes executed in his favor by Yammine and ordered the foreclosure upon two airplanes securing the notes, 2) declared that Yammine is not a member in HY Capital, L.L.C., and that Healy is the only member of same, and 3) denied Yammine recovery upon his claims against Healy, HDH Financial LLC, DPH Capital LLC, and HY Capital LLC. Yammine argues before us that the trial court improperly 1) awarded Healy

a double recovery, 2) declared that he was not a member of HY Capital, and 3) adjudicated his allegation of breached fiduciary duty. We affirm.[1]

*Double Recovery*

We initially address the contention regarding a purported double recovery. This allegedly occurred when the trial court 1) ordered that Healy recover from Yammine the amount of $67,479.91 upon promissory note 6532R and $61,835.62 upon note 5212J and 2) "foreclosed" upon the collateral (i.e., two airplanes) securing each obligation. Permitting Healy to recover the aforementioned sums as well as foreclosing upon the security interests constituted a double recovery, in Yammine's view. We overrule the issue.

First, it was not urged below. Thus, it was waived due to non-preservation. *THF Hous. Mgmt. Corp. v. Gideon*, No. 07-19-00343-CV, 2021 Tex. App. LEXIS 57, at *14–15 (Tex. App.—Amarillo Jan. 6, 2021, no pet. h.) (mem. op.) (stating that preserving a complaint for review requires a party to present it to the trial court by a timely request, objection, or motion stating the specific grounds supporting the desired ruling, if not apparent from the context of the request, objection, or motion, and if failing to do so, the error is waived).

Second, the trial court worded the pertinent part of its judgment as follows: ". . . Healy's security interests in the airplanes are foreclosed, and the airplane[s] shall be sold at public auction . . . in satisfaction of the notes and security interests therein, or by private sale pursuant to the Security Agreements." This language specifies that the airplanes will

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

be sold "in satisfaction of the notes and security interests." In other words, it provides that the proceeds from the sale be applied against the indebtedness created by and outstanding under the promissory notes. It does not permit Healy to recover the specified sums and also keep the collateral. Indeed, statute provides that any surplus arising from the sale of the collateral be paid to the debtor, i.e., Yammine. *See* TEX. BUS. & COM. CODE ANN. § 9.615(d) (West 2011) (stating that "[i]f the security interest under which a disposition is made secures payment or performance of an obligation, after making the payments and applications required by Subsection (a) and permitted by Subsection (c) . . . the secured party shall account to and pay a debtor for any surplus"). Simply put, there was and is no double recovery ordered by the trial court.

*Declaration as Sole Member*

Next, we address the contention that the trial court erred in declaring Healy to be the sole member of HY Capital. The trial court so concluded after expressly finding that "Yammine relinquished his status as a Member of the Company." Yammine believed this improper since statute provides that a "member of a limited liability company may not withdraw or be expelled from the company." TEX. BUS. ORGS. CODE ANN. § 101.107 West 2020). Yet, Yammine did not direct us to that portion of the appellate record illustrating that the contention or ground was urged below. Nor did our own review of the record illustrate that the specific ground was presented to the trial court. We simply found an instance where his counsel postulated, during closing argument, that "there's absolutely no evidence before this Court that Mr. Yammine gave up voluntarily, waived, or did whatever to lose his interest in HY Capital, LLC"; that passage said nothing of § 101.107 or its content.

3

The grounds underlying purported error urged on appeal must comport with those urged at trial; should they fail to, then the former are not preserved for review. *See In re D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. ref'd) (concluding that because E. L.'s appellate argument did not comport with the grounds asserted in her amended motion for new trial or the testimony at the hearing on her motion for new trial, she failed to preserve her complaint for appellate review). That is the situation here, and we overrule Yammine's second issue.

*Breached Fiduciary Duty*

Finally, Yammine argued that the trial court erred in denying his claim of breached fiduciary duty levied against Healy. The latter purportedly owed the former such duties because both were members of HY Capital. And as a member of the entity, Yammine allegedly suffered harm when Healy "took out of the company" assets and funds without sharing same with Yammine. As can be seen, the argument is predicated on Yammine being a member of HY Capital. Yet, the trial court found that he had "relinquished" that membership. The sole ground urged to overcome that finding was not preserved for review, as mentioned earlier. Consequently, we overrule the issue.

The trial court's judgment is affirmed.

Per Curiam

4